## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DIANN BLACKWELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: 07 C 6896 |
| NCO FINANCIAL SYSTEMS, INC. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### ANSWER TO COMPLAINT

NOW COMES Defendant, NCO FINANCIAL SYSTEMS, INC., ("NCO"), by and through undersigned counsel, and for its Answer to Plaintiff's Complaint, states as follows:

### JURISDICTION AND VENUE

1.      Jurisdiction is founded on 28 U.S.C. § 1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692.  Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

**ANSWER**:  **NCO admits the allegations in ¶ 1 for venue and jurisdictional purposes only, but denies any liability or wrongful conduct to the extent alleged in ¶ 1.**

## FACTS COMMON TO ALL COUNTS

2.    The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

**ANSWER**: **NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 2, which has the effect of a denial.**

3.    Defendant is a corporation doing business primarily as a consumer debt collector.

**ANSWER**: **NCO admits the allegations in ¶ 3.**

4.    Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**ANSWER**: **NCO admits that when it acts as debt collector as defined by 15 U.S.C. § 1692a(6), its debt collection efforts may be subject to provisions of the FDCPA. Except as specifically admitted, the allegations in ¶ 4 are denied.**

5.    The Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

**ANSWER**: **NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶   5, which has the effect of a denial.**

6.    The debt in question qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5).

**ANSWER**: **NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 6, which has the effect of a denial.**

7.    Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

**ANSWER**:  **NCO admits the allegations in ¶ 7.**

8.    On or around January 1, 2007, Plaintiff informed Defendant that Plaintiff had retained an attorney for bankruptcy and provided Plaintiff's attorney's contact information.

**ANSWER**:  **NCO admits that its records document communication with the plaintiff on January 1, 2007 wherein plaintiff advised she had filed or was filing for bankruptcy.    Except as specifically admitted, the allegations in ¶ 8 are denied.**

9.    Despite this notice, Defendant contacted Plaintiff by telephone in or around April 2007.

**ANSWER**:  **NCO denies the allegations in ¶ 9.**

10.    On August 20, 2007, Plaintiff filed a voluntary petition for bankruptcy.

**ANSWER**:  **NCO admits the allegations in ¶ 10 upon information and belief.**

11.    Defendant was listed as a creditor in Plaintiff's bankruptcy petition.

**ANSWER**:  **NCO admits the allegations in ¶ 11 upon information and belief.**

12.    As described below, Defendant has contacted Plaintiff to collect a debt that was included in Plaintiff's bankruptcy.

**ANSWER**:  **NCO denies the allegations contained in ¶ 12.**

13.    Despite the above notice, Defendant continued to contact Plaintiff numerous times between September 20, 2007, and October 11, 2007.

**ANSWER: NCO denies the allegations contained in ¶ 13.**

14.    On or around October 11, 2007, Plaintiff's attorney faxed Defendant a letter providing notice that Plaintiff was represented by an attorney for bankruptcy.

**ANSWER: NCO denies receipt of a fax from plaintiff counsel. NCO is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in ¶ 6, which has the effect of a denial.**

15.    Despite this notice, Defendant continued to contact Plaintiff between October 11, 2007 and October 30, 2007.

**ANSWER: NCO denies the allegations contained in ¶ 15.**

16.    Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

**ANSWER: NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 16, which has the effect of a denial.**

17.    Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

**ANSWER: NCO denies the allegations contained in ¶ 17.**

18.    Defendant violated the FDCPA.

**ANSWER**:    **NCO denies the allegations contained in ¶ 18.**

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

19.    Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER**:    **NCO reasserts and restates its answers to ¶ ¶ 's 1 through 18 for its response to ¶ 19 as though fully set forth herein.**

20.    In demanding payment in the amount that it did, Defendant violated 15 U.S.C. § 1693e(2) in that it falsely represented the character and amount of the debt.

**ANSWER**:    **NCO denies the allegations contained in ¶ 20.**

## COUNT TWO

### Violation of the Fair Debt Collections Practice Act

21.    Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER**:    **NCO reasserts and realleges its answers to ¶ ¶'s 1 through 20 for its response to ¶ 21 as though fully set forth herein.**

22.    The Defendant violated 15 U.S.C. § 1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

**ANSWER**: NCO denies the allegations contained in ¶ 22.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

23.    Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER**:  **NCO reasserts and realleges its answers to ¶¶'s 1 through 22 for its response to ¶ 23 as though fully set forth herein for its response to ¶ 23.**

24.    The Defendant violated 15 U.S.C. § 1692f in that its actions were unfair and/or unconscionable means to collect a debt.

**ANSWER**: **NCO denies the allegations contained in ¶ 24.**

AND NOW, in further Answer to the Complaint, Defendant avers as follows:

### FIRST AFFIRMATIVE DEFENSE

One or more of the Counts in the Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, and in the event, Defendant is found to be a debt collector as defined by FDCPA, any such violation(s) was not intentional and resulted from a bona fide

error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

WHEREFORE, Defendant, NCO FINANCIAL SYSTEMS, INC., respectfully requests that this Answer be deemed good and sufficient, Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's cost, pursuant to federal and state law, Plaintiff be ordered to pay reasonable attorney's fees and costs for NCO, and for all other general and equitable relief.

Respectfully submitted,

By: *s/Edwin R. Cummings*
Edwin R.Cummings

Edwin R. Cummings
SESSIONS, FISHMAN, NATHAN & ISRAEL OF ILLINOIS, LLC
1000 Skokie Boulevard, Suite 430
Wilmette, IL 60091
Telephone: (847) 853-6100
Facsimile: (847) 853-6105
E-Mail:     tcummings@sessions-law.biz

**Of Counsel:**

David Israel
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
Lakeway Two, Suite 200
3850 North Causeway Boulevard
Metairie, LA 70002-7227
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
E-Mail:     disrael@sessions-law.biz

Attorneys for Defendant, NCO FINANCIAL SYSTEMS, INC.

N:\NCO\Blackwell, Diann (6947-07-22416)\Pleadings\Answer To Complaint 1-14-08.doc